NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RECEIVED
APR 0 3 2018
AT 8:30_____M
WILLIAM T. WALSH
CLERK

SARAH SMITH,

    Plaintiff,

v.

BRANT BEACH YACHT CLUB AND
ALLAN EAGLESHAM, *et al.*,

    Defendants.

Civ. No. 18-1856

**OPINION**

THOMPSON, U.S.D.J.

This matter comes before the Court upon the motion by Brant Beach Yacht Club to dismiss on statute of limitations grounds. (ECF No. 4.) Plaintiff Sarah Smith ("Plaintiff") opposes. (ECF No. 7.) The Court has decided this Motion based on the written submissions of the parties without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons stated below, the Motion is granted.

## BACKGROUND

This case is a negligence action for injuries Plaintiff sustained in a boating accident. On July 23, 2014, Plaintiff attended a large regatta hosted by Defendant Brant Beach Yacht Club in Long Beach Township, NJ. (Compl. ¶ 1, ECF No. 1-1.) Plaintiff was in a sailboat that capsized, leaving her in nearby shallow water. (*Id.* ¶¶ 3–5.) While in the water, Plaintiff was struck by the propeller of a boat operated by Defendant Allan Eaglesham, an employee of Defendant Brant Beach Yacht Club. (*Id.* ¶¶ 5–6.) Plaintiff sustained various lacerations and injuries. (*Id.* ¶¶ 9, 12.) Plaintiff alleges that Defendant Eaglesham was negligent in his operation of the boat and

1

failure to follow appropriate procedures following the accident. (*Id.* ¶¶ 8, 9.) At the time of the accident, Plaintiff, a resident of Maryland, was sixteen years old. (*Id.* ¶ 2.)

On December 6, 2017, Plaintiff filed the present law suit in New Jersey Superior Court, Law Division, Ocean County. Defendants timely removed to this Court on the basis of admiralty or maritime jurisdiction under 28 U.S.C. § 1333, as well as diversity jurisdiction. (*See* Notice of Removal ¶¶ 5–6, ECF No. 1.) On February 15, 2018, Defendant Brant Beach Yacht Club moved to dismiss Plaintiff's complaint as barred by the statute of limitations. (ECF No. 4.) Plaintiff opposed, and Defendant Brant Beach Yacht Club replied. (ECF Nos. 7, 9.) This Motion is presently before the Court.

## **LEGAL STANDARD**

A motion under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). The defendant bears the burden of showing that no claim has been presented. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). When considering a Rule 12(b)(6) motion, a district court should conduct a three-part analysis. *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'take note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009); *see also Connelly v. Lane Constr. Corp.*, 2016 WL 106159 (3d Cir. Jan. 11, 2016). The court, however, may disregard any conclusory legal allegations. *Fowler*, 578 F.3d at 203. Finally, the court must determine whether the "facts are sufficient to show that plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679). If the complaint does not demonstrate more than a "mere

possibility of misconduct," it must be dismissed. *See Gelman v. State Farm Mut. Auto. Ins. Co.*, 583 F.3d 187, 190 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679).

The law of this Circuit permits a statute of limitations defense to be raised as a Rule 12(b)(6) motion if the "time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (internal citations omitted). A motion to dismiss based on the statute of limitations requires a court to consider: "(1) what law governs the statute of limitations; (2) the length of time provided for by the statute of limitations; (3) what law governs accrual of the cause of action; and (4) when the statute began to accrue for Plaintiff's claim." *Crisdon v. City of Camden*, 2012 WL 685874, at *3 (D.N.J. Mar. 2, 2012).

## DISCUSSION

Defendant argues that Plaintiff's Complaint must be dismissed because it is barred by the three (3) year Uniform Statute of Limitations applicable to all maritime tort actions and is not subject to tolling. (*See* Def.'s Mot. at 2, ECF No. 4.) This presents two key issues: (1) whether admiralty and maritime law applies such that the Uniform Statute supplies the statute of limitations, and (2) whether the statute of limitations may be tolled for any reason. Plaintiff does not dispute the first issue. (Pl.'s Opp'n at 1, ECF No. 7.) She only challenges on the ground that the statute of limitations should be tolled for infancy pursuant to state law—appropriately filling a gap in maritime law—and, when tolled, Plaintiff filed within three years of her 18th birthday. (*Id.* at 1–2.) The Court, therefore, need only address whether this maritime statute of limitations may be tolled for Plaintiff's infancy.[1]

---

[1] For the sake of completeness, the Court briefly notes that this cause of action is properly governed by maritime law. Maritime law applies where a tort (1) occurred within or on navigable waters of the United States, and (2) had a significant relationship to traditional

3

The Uniform Statute of Limitations for Maritime Torts provides that: "Except as otherwise provided by law, a civil action for damages for personal injury or death arising out of a maritime tort must be brought within 3 years after the cause of action arose." 46 U.S.C. § 30106.[2] Traditionally, where federal admiralty or maritime law governs, state law may be used to supplement, but only to the extent that it is neither inconsistent nor conflicts with federal law. *See Yamaha Motor Corp., USA v. Calhoun*, 516 U.S. 199, 206–07 (1996). Accordingly, where there is conflict, "[g]eneral maritime law preempts state law to preserve the uniformity sought by Congress and the judiciary." *Anderson v. Varco Int'l, Inc.*, 905 S.W.3d 26, 28 (Tex. App. 1995) (finding federal maritime statute of limitations, not Texas law, controlled); *see also Foremost Ins. Co. v. Richardson*, 457 U.S. 668, 675 (1982) (noting that the federal interest in protecting maritime commerce can only be met if "*all* operators of vessels on navigable waters are subject to uniform rules of conduct" (emphasis in original)). "The very existence of a federal general maritime statute of limitations implies that it should be applied uniformly across the nation." *White v. Mercury Marine, Div. of Brunswick*, 129 F.3d 1428, 1431 (11th Cir. 1997) (finding application of Florida's discovery rule would improperly contradict the general maritime statute of limitations).

---

maritime activities. *Exec. Jet Aviation, Inc. v. City of Cleveland*, 409 U.S. 249, 268 (1972); *Eagle-Picher Indus., Inc. v. United States*, 846 F.2d 888, 895–96 (3d Cir. 1988). This cause of action arose from an incident in the navigable waters of the United States, off of Little Egg Harbor, Beach Haven, NJ. (Compl. ¶ 1.) It involved a boating accident during a large regatta (*id.*)—a traditional maritime activity. Accordingly, maritime law and the Uniform Statute of Limitations for Maritime Torts governs this case.

[2] This statute was formerly found within the United States Code at 46 U.S.C. § App'x 763a: "Unless otherwise specified by law, a suit for recovery of damages for personal injury or death, or both, arising out of a maritime tort, shall not be maintained unless commenced within three years from the date the cause of action accrued."

The First Circuit in *Butler v. American Trawler Co., Inc.*, 887 F.2d 20 (1st Cir. 1989), undertook a significant examination of case law and legislative history to conclude that the statute was designed to ensure uniformity and avoid forum shopping, and therefore, should accommodate different provisions in *federal law* but not state law. *Id.* at 22 (citing statements of members of House of Representatives and other commentary in house reports during the implementation of section 763a); *see also Minka v. Genmar Indus. Inc.*, 29 F.3d 1543, 1548 (11th Cir. 1994) (echoing *Butler* and discussing need for uniformity, which prompted a reverse-*Erie* doctrine for the application of federal law over state law in maritime/admiralty actions); *Usher v. M/V Ocean Wave*, 27 F.3d 370, 372 (9th Cir. 1994); *Abdallah v. Int'l Lease Fin. Corp.*, 2015 WL 1263141, at *4–5 (C.D. Cal. Mar. 9, 2015) (similar discussion of legislative history with respect to section 30106); *Konrad v. S.C. Elec. 7 Gas Co.*, 417 S.E.2d 557, 559 (S.C. 1992) (embracing *Butler* to find 3 year federal, not 6 year state, statute of limitations applied).

With these federal goals in mind, other courts have concluded that "federal maritime, rather than state law, governs whether the limitation period in a maritime tort action has been tolled." *Bourgeois v. Weber Marine LLC*, 80 F. Supp. 3d 721, 726 (M.D. La. 2015) (citing Louisiana Supreme Court for application of the federal statute of limitations, not a Louisiana tolling provision, to determine "whether the suit [was] timely filed, even when the suit was commenced and remained in state court"); *see also id.* (collecting federal cases concluding that maritime law "governs not only the length of the limitation period but also the circumstances under which that period is, or is not, tolled or suspended"). To apply a state tolling statute "would undermine the[] concerns for fairness and uniformity" that Congress intended to achieve with the Uniform Statute of Limitations. *Ford v. Atkinson Dredging Co.*, 474 S.E.2d 652, 653 (Ga. Ct. App. 1996) (declining to apply Georgia's tolling statute for infancy); *see also id.* ("We

believe that Congress would have contemplated the application of state law tolling provisions to § 763a, had it intended such.").

After conducting this survey of the law, the Court is satisfied that federal law governs this issue in its entirety. The three year statute of limitations is unaffected by New Jersey tolling provisions, despite Plaintiff's infancy at the time of the accident, *see Rolax v. Whitman*, 175 F. Supp. 2d 720, 726 (D.N.J. 2000) (citing N.J.S.A. provisions on tolling tort claims for infancy until the plaintiff reaches the age of majority). Plaintiff's reliance on *LaFage v. Jani*, 766 A.2d 1066 (N.J. 2001), is misplaced. In *LaFage*, the New Jersey Supreme Court extended New Jersey's infancy tolling provision to New Jersey's Wrongful Death Act, which included no such minority tolling provision. *Id.* at 1073. The present case, however, is distinct. As discussed in detail above, it involves a body of general federal law and codified federal statutes, *cf. id.* at 1074 (citing case law from other states that similarly read tolling provisions into their own wrongful death statutes that did not include express tolling provisions), designed specifically to produce nationwide uniformity and prevent litigants from forum shopping to states with potentially more favorable statutes of limitations and related provisions. While section 30106 "is silent on the rights of a minor" (Pl.'s Opp'n at 6), to use this tolling provision would impermissibly conflict with maritime law rather than simply fill a gap.

In sum, the Court declines to toll the statute of limitations due to Plaintiff's infancy. This accident occurred in July 2014. Although Plaintiff was 16 years old at the time, the statute of limitations began to accrue then and not when she reached 18 years of age. The statute of limitations expired in July 2017, but Plaintiff filed this lawsuit months later in December 2017. Therefore, it is untimely and must be dismissed for Plaintiff's failure to comply with the statute of limitations.

## CONCLUSION

For the foregoing reasons, Defendant Brant Beach Yacht Club's Motion to Dismiss is granted. An appropriate order will follow.

Date: Apr 3, 2018

ANNE E. THOMPSON, U.S.D.J.